Deogracias Viera Rodríguez y Ruperta, María, Teodoro y Deogracias Viera Sosa, peticionarios y apelantes, *v.* Petra Providencia Viera Sosa y Silvia María y María Socorro Viera Díaz, opositoras y apeladas.

No. 6499.—*Sometido:* Febrero 10, 1934. *Resuelto:* Mayo 24, 1934.

*R. Ramírez Pabón* y *Manuel A. Martínez Dávila,* abogados de los apelantes; *Clemente Ruiz Nazario,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En enero de 1932 las partes en una acción pendiente ante la corte de distrito celebraron una estipulación de la naturaleza de una transacción de la controversia. De conformidad

con los términos y disposiciones de la misma, la corte de distrito dictó sentencia disponiendo el otorgamiento de ciertas escrituras notariales. Deogracias Viera Rodríguez y otros, peticionarios y apelantes, supra, eran demandados en la acción que acabamos de mencionar, mas no apelaron de la sentencia. Petra y Providencia Viera Sosa y otras, opositoras y apeladas, supra, eran demandantes en dicha acción. Para mayor conveniencia se hará referencia a las partes como demandantes y demandados.

En enero de 1933 las demandantes solicitaron se expidiera una orden para obligar al otorgamiento de la escritura mencionada en la estipulación y sentencia en armonía con los términos y disposiciones de la misma. Los demandados radicaron una contestación a esta moción y las partes fueron a juicio sobre las controversias así suscitadas. Los demandados apelan de una decisión adversa y las apeladas solicitan la desestimación del recurso por frívolo.

La transcripción de autos en apelación es voluminosa y hemos esperado la radicación del alegato de los apelantes a fin de tener el beneficio del mismo al considerar las cuestiones discutidas en la vista de la moción para desestimar. Los señalamientos segundo, tercero, cuarto, quinto, sexto, y séptimo leen como sigue:

"2. La corte erró al declarar que la sentencia dictada y registrada en 18 de enero de 1932 no era apelable debiendo considerarse firme desde la fecha de su registro.

"3. La corte erró al resolver que no tiene facultades para corregir o modificar su sentencia de 18 de enero de 1932 porque la solicitud para tal corrección o modificación no se hizo dentro del término en que la misma fué dictada, y por no haber sido radicada la solicitud de los apelantes dentro del término de seis meses provisto en el artículo 140 del Código de Enjuiciamiento Civil de Puerto Rico.

"4. La corte erró al interpretar y aplicar el artículo 140 del Código de Enjuiciamiento Civil de Puerto Rico.

"5. La corte erró al resolver que aun teniendo jurisdicción y facultades para considerar la solicitud de los apelantes para que se modifique dicha sentencia, tampoco podría variar o modificar dicha

sentencia por constituir documentos públicos las dichas estipulación y sentencia de enero 16 y 18 de 1932.

"6. La corte erró al resolver que las actuaciones de los apelantes han tendido a ratificar estrictamente el contenido de dichas estipulación y sentencia de enero 16 y 18 de 1932.

"7. La corte cometió error en la apreciación de la prueba."

Ni en el alegato de los apelantes ni en la transcripción de la evidencia hallamos razón satisfactoria alguna para alterar las conclusiones de hecho en que se basó la resolución de la corte de distrito. Las otras cuestiones suscitadas por los distintos señalamientos de error que acabamos de citar, aun en el supuesto que se resolvieran en favor de los apelantes, no afectarían el resultado.

█ █ El octavo motivo de la apelación es que la corte de distrito cometió error al considerar que la moción de las demandantes aducía hechos suficientes para determinar una causa de acción. En la corte de distrito no se planteó tal cuestión ni en la vista de la moción para desestimar el presente recurso ni antes de ésta. Se mencionó por primera vez en el alegato de los apelantes en apoyo de su oposición a la moción para desestimar, radicado después de la vista de tal moción. Si los demandados hubiesen suscitado esta cuestión en la corte de distrito, las demandantes hubiesen tenido la oportunidad de enmendar su moción.

Dos de las demandantes eran menores y estaban representadas por su madre, quien también era demandante. Tanto la estipulación como la sentencia dispusieron que en lo concerniente a estas dos menores, se obtuviera previa autorización judicial para el otorgamiento de la escritura de partición y de otro contrato en ellas mencionado. Esta autorización fué obtenida antes de dictarse la orden aquí apelada. Las demandantes ofrecieron durante la vista en la corte de distrito prueba documental de esta autorización, la que fué admitida sin objeción alguna por parte de los demandados.

Los apelantes asumen, sin tratar de demostrarlo, que la

autorización judicial era un requisito indispensable no sólo para el otorgamiento formal de los contratos en cuestión, sino también para poderse radicar la moción de las demandantes. No podemos estar de acuerdo con este criterio. Podría admitirse que las demandantes debieron referirse a la solicitud para que se concediera autorización judicial que estaba pendiente y que debieron haber solicitado se dictara una orden una vez concedida tal autorización y haber presentado prueba de la misma durante la vista de la moción.

El omitir tal alegación no fué un defecto fatal. De ser necesario puede considerarse en apelación que la moción ha sido enmendada para ajustarla a la prueba aducida a este respecto. Las demandantes, desde luego, no podían alegar la existencia de autorización judicial al tiempo de radicar su moción; tampoco era necesario demorar el archivo de su moción hasta que pudiera obtenerse la autorización judicial. Así, pues, la corte de distrito no cometió error al considerar la moción. Aun si no se hubiese obtenido autorización judicial, la corte de distrito pudo haber ordenado a los demandados, tal cual lo hizo en la sentencia ya dictada, que otorgaran las escrituras una vez concedida tal autorización.

Los únicos señalamientos restantes son el primero y el noveno. El primero es que la corte de distrito cometió error al eliminar de la contestación enmendada ciertas defensas, o sea las Nos. 10 y 11.

En la moción que dió origen a la resolución apelada, las demandantes sostienen:

"Que ni la estipulación contenida al final de la cláusula cuarta de dicho proyecto de contrato, la cual se ha copiado literalmente bajo la letra A, en el hecho anterior, ni las estipulaciones contenidas en las cláusulas novena, décima, undécima y décimotercera, que también se han copiado anteriormente bajo la letra B, han sido en momento alguno objeto de convenio alguno entre las partes ni fueron objeto de pronunciamiento alguno en la sentencia de enero 18, 1932, dictada por esta Hon. Corte en el presente caso, y que estas opositoras en ningún tiempo han consentido la modificación o alteración de la referida sentencia en los particulares a que se refieren dichas cláusulas,

o en particular otro alguno, y que esta Hon. Corte no ha modificado o alterado su dicha sentencia en fecha o en forma alguna.''

Las defensas 10 y 11 leían así:

''10. Como defensa especial contra lo alegado en el hecho sexto de la moción de las opositoras, alegan los comparecientes que de no haber sido objeto de convenio entre las partes las estipulaciones contenidas al final de la cláusula primera de dicho proyecto de contrato, que aparece copiada literalmente bajo la letra (*a*) en el hecho quinto de la moción de las opositoras, ni las estipulaciones contenidas en las cláusulas novena, décima, undécima y décimotercera, que también aparecen copiadas bajo la letra (*b*) en el hecho quinto de la moción de las opositoras, la estipulación que dió origen a la ameritada sentencia de 18 de enero de 1932, dictada por esta Hon. Corte en el presente caso, estaría basada en un error que afecta la substancia de la cosa que fué objeto del contrato y las condiciones de la misma que principalmente dieron motivo a la concertación de dicho contrato.

''11. Como defensa especial contra la moción sobre cumplimiento de sentencia radicada por las opositoras, alegan los comparecientes que para impedir una injusticia y hacer posible que el contrato concertado entre las partes no sea contrario a las leyes, a la moral, ni al orden público, la ameritada sentencia de 18 de enero de 1932 no sólo debe ser modificada de conformidad con los verdaderos pactos y estipulaciones que realmente fueron objeto de contratación entre las partes, sino que también debe ser reconsiderada por esta Hon. Corte teniendo en cuenta las causas de fuerza mayor y las ocurrencias fortuitas extraordinarias acaecidas recientemente en Puerto Rico, ya que de lo contrario el ameritado contrato resultaría altamente lesivo y ruinoso para los intereses de los comparecientes.

''Con motivo del ciclón de septiembre 27 de 1932 y de la depresión económica por que atraviesa el país, las utilidades y beneficios que se venían derivando de la celebración de carreras de caballos en el Hipódromo Quintana, que constituyen la substancia de la cosa que fué objeto del contrato, han bajado y mermado considerablemente, sin perspectiva alguna de que el deporte hípico vuelva a producir las utilidades y beneficios que rendía en épocas normales.

''Alegan asimismo los comparecientes que el deporte hípico, como consecuencia de las citadas calamidades fortuitas y de fuerza mayor, ha dejado de ser un negocio productivo, lo cierto siendo que las causas o consideraciones que principalmente dieron motivo a la concertación del ameritado contrato fueron los beneficios y utilidades que pudieran

derivarse de dicho negocio, el que actualmente apenas si produce lo suficiente para cubrir los gastos generales de su sostenimiento.''

Los demandados ya habían alegado:

''5. Que el referido notario también procedió a redactar, y tiene redactado, el otro contrato convenido entre las partes y que fuera objeto de la ameritada sentencia, el cual contrato, de acuerdo con lo convenido entre las partes, debe ser firmado simultáneamente con la escritura de partición de bienes y como consideración de ésta y de la transacción de los pleitos a que dicha sentencia se refiere.

''Que el mencionado contrato, tal como ha sido redactado por el notario Rodolfo Ramírez Pabón, se ciñe en todas sus cláusulas a lo que realmente estipularon y convinieron las partes en la fecha en que discutieron y sentaron las bases para la ameritada sentencia de enero 18 de 1932, y si bien es cierto que dicho instrumento contiene ciertas cláusulas que no aparecen incluídas como condiciones en la referida sentencia de enero 18 de 1932, no es menos cierto que dichas cláusulas real y efectivamente fueron objeto de estipulación y convenio entre las partes contratantes y por inadvertencia no fueron objeto de pronunciamiento expreso en la ameritada sentencia y han sido incluídas en dicho documento con el único fin de ajustarlo a la realidad de los hechos y aclarar debidamente los términos del contrato a que se refiere la ya mencionada sentencia de 18 de enero de 1932, lo cual fué expresamente convenido y aceptado por todas las partes, ya que la sentencia de 18 de enero de 1932 debe ajustarse a los pactos y estipulaciones que realmente fueron objeto de consideración entre los contratantes.

''6. Que la estipulación contenida al final de la cláusula cuarta de dicho contrato, la que aparece copiada literalmente bajo la letra (a) en el hecho quinto de la moción sobre cumplimiento de sentencia radicada por las opositoras, así como las estipulaciones contenidas en las cláusulas novena, décima y undécima, que también aparecen copiadas bajo la letra (b) en el hecho quinto de la dicha moción de las opositoras, aunque no fueron objeto de pronunciamiento expreso en la sentencia de 18 de enero de 1932 dictada por esta Hon. Corte en el presente caso, fueron realmente objeto de convenio expreso entre las partes, y las opositoras voluntariamente consintieron la modificación de la referida sentencia en los particulares a que se refieren dichas cláusulas, por ser conformes a la buena fe, al uso y a la ley, ajustarse en todo a los verdaderos pactos y consideraciones del contrato concertado entre las partes, y haber pasado inadvertidas al tiempo de re-

dactarse la estipulación en que se funda la ameritada sentencia de 18 de enero de 1932.

"La estipulación contenida en la cláusula décimotercera de dicho proyecto, de contrato, que también aparece copiada bajo la letra (B) en el hecho quinto de la dicha moción de las opositoras, no sólo fué objeto de convenio entre las partes, sino que también es consecuencia necesaria y directa de lo estipulado al final de la cláusula cuarta de dicho proyecto de contrato, es conforme a la buena fe, al uso y a la ley, y se hace absolutamente necesaria para la mayor claridad en la aplicación e interpretación de la cláusula cuarta de dicho contrato, según fué éste realmente concertado entre las partes.

"La circunstancia de que esta Hon. Corte no haya modificado o alterado su dicha sentencia de enero 18 de 1932 en fecha o en forma alguna se debe a que los comparecientes en esta moción, por la armonía y buena fe con que hasta la fecha se habían desenvuelto las negociaciones entre las partes contratantes, no había creído necesario acudir ante esta Hon. Corte, como acuden en este momento, para conseguir que la dicha sentencia se modifique y reajuste no sólo de conformidad con los verdaderos pactos y estipulaciones de dicho contrato, según fueron dichos pactos y estipulaciones realmente concertados por los contratantes, sino también de acuerdo con las causas de fuerza mayor y las ocurrencias fortuitas extraordinarias acaecidas recientemente que demandan la revisión y modificación del expresado contrato, para que éste no resulte contrario a la ley, a la moral ni al orden público."

Los extremos que aquí se alegó fueron convenidos, aunque inadvertidamente omitidos en la sentencia y la estipulación escrita en que se basó esa sentencia, son los mismos mencionados en la prótasis de la alegación décima. Cuál hubiera sido el error básico a falta de los supuestos acuerdos que no fueron incorporados en el escrito de estipulación que dió lugar a la sentencia, ni en la sentencia misma, no lo revela ni la curiosa fraseología de la alegación décima ni el alegato de la parte apelante.

Esa alegación—dicen los apelantes en su alegato:

". . . establece una defensa legítima para justificar la necesidad de que las cláusulas contractuales que aparecen copiadas bajo las letras (A) y (B) en el hecho quinto de la moción de las apeladas figuren expresamente en el contrato que debe otorgarse entre las partes,

con el fin de que dicho documento se ajuste a la realidad de los hechos y sea fiel reflejo de lo que estipularon y convinieron las partes al sentar las bases para la estipulación que ·dió origen a la ameritada sentencia de 18 de enero de 1932.

"La defensa alegada en el hecho décimo de la contestación enmendada no tiene por objeto oponer un mero error de hecho, sino establecer las circunstancias que concurrieron en la celebración del contrato, las verdaderas condiciones y convenios que sirvieron de base a la transacción celebrada entre las partes, la verdadera posición de las partes en lo que respecta a la contratación llevada a cabo, así como también los pactos y convenios que realmente fueron objeto de contratación entre las partes y que por una inadvertencia no fueron objeto de pronunciamiento expreso en la dicha sentencia de 18 de enero de 1932 y en la estipulación que le sirvió de base."

De suerte que aparece, de acuerdo con la teoría de los redactores de la alegación décima, que la defensa especial allí mencionada se funda enteramente en la alegada existencia de ciertos pactos que el juez de distrito declaró no existieron. Por consiguiente, el error, si lo hubo, al ordenar la eliminación de la alegación décima, fué inofensivo.

El huracán del 27 de septiembre de 1932, la actual depresión y la concomitante mengua en los beneficios producidos por el negocio de hipódromo, analizado todo a la luz de los hechos que el juez de distrito declaró justificados, no hubieran afectado el resultado; y aún si el juez de distrito se hubiera equivocado al ordenar que la alegación décima fuese eliminada, su error al así proceder no habría sido motivo de revocación. El alegato del apelante, sin embargo, dista mucho de demostrar satisfactoriamente que el error en realidad se cometió.

El noveno señalamiento es que la corte de distrito cometió error al sostener la moción de las demandantes. El argumento, en tanto en cuanto requiera ser considerado bajo un señalamiento tan vago y general, es una mera recapitulación o repetición del aducido en apoyo de los señalamientos anteriores.

No nos es posible dejar de llegar a la conclusión de que el recurso es frívolo y que *debe ser desestimado.*